UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                 Case No. 8:00-cr-438-T-24

DANNY RAY MADISON

_____/

**ORDER**

This cause comes before the Court on Defendant Madison's motion for relief under the All Writs Act.[1] (Doc. No. 74). As explained below, the motion has no merit and is denied.

On December 6, 2000, Defendant was indicted for six counts of bank robbery. (Doc. No. 1). He signed a plea agreement and pled guilty to counts one, two, and three. (Doc. No. 13). Prior to sentencing, Defendant requested that this Court vacate one of his prior convictions from the Eastern District of North Carolina. This Court denied the motion, as this was not the proper court for the motion. (Doc. No. 21). Defendant sought reconsideration of this Court's order, which was denied. (Doc. No. 24).

Thereafter, on December 28, 2001, Defendant was sentenced to 130 months of imprisonment on counts one, two, and three of the indictment. (Doc. No. 35). Defendant appealed his sentence, and the Eleventh Circuit dismissed his appeal due to the appeal waiver in his plea agreement. (Doc. No. 47).

---

[1] Defendant erroneously refers to 18 U.S.C. § 1651 for relief; however, that statute provides: "Whoever, on the high seas, commits the crime of piracy as defined by the law of nations, and is afterwards brought into or found in the United States, shall be imprisoned for life." It appears that he meant to refer to 28 U.S.C. § 1651(a), which provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Regardless of which statute he uses, he is not entitled to relief.

Later, Defendant filed a § 2255 motion in which he argued that this Court improperly sentenced him as a career offender, and this Court denied his motion. (Doc. No. 54). Defendant moved for reconsideration, which this Court denied on November 29, 2004. (Doc. No. 57).

Defendant again raised the same argument in a motion to modify his sentence under 18 U.S.C. § 3582, which this Court denied on April 20, 2007. (Doc. No. 60). On April 17th and May 12th, 2008, Defendant again argued that he should not have been sentenced as a career offender, and the Court denied both motions. (Doc. No. 63, 65). Thereafter, Defendant moved for reconsideration, which the Court denied on November 20, 2008. (Doc. No. 67).

In the instant motion, Defendant again argues that he should not have been sentenced as a career offender. As the Court has considered this argument several times over the past eight-and-a-half years, the Court again rejects it for the same reasons as before. Accordingly, it is ORDERED AND ADJUDGED that the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of May, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record